## SWIHART v. CLINE.

There is no implied denial to an answer, under the code, as there is to a reply, and a general denial filed to an answer, consisting of several paragraphs, can not be considered as a denial of a new and substantive defense afterward filed by way of additional paragraph.

The Court will not specifically enforce performance of a parol contract for the purchase of land, where the land is incumbered by a prior mortgage, notwithstanding the purchaser may have made part payment of the purchase money, and he may recover back the money so paid.

APPEAL from the *Miami* Circuit Court.

HANNA, J.—*Cline* sued *Swihart,* in two paragraphs, for money loaned, and money had and received; stating the sum, in each paragraph, at ninety-eight dollars.

Answer: 1. Denial. 2. That said sum, named in said first paragraph, was paid as a part toward the price of a piece of land, bought by plaintiff of defendant. 3. Same answer as to second paragraph. 4. Avers that said sum of money was paid on a verbal contract, by which the defendant sold to plaintiff certain lands, for the agreed price of, etc. and that the defendant tendered a deed, which the plaintiff refused to receive, whereby the defendant was damaged two hundred dollars, which he sets up by way of counterclaim, etc.

Reply: 1. General denial. 2. A special reply as to the fourth paragraph of the answer. There was a demurrer to this paragraph of the reply, upon which the Court held the fourth paragraph of the answer bad, with reference to the statute of frauds.

The defendant, thereupon, filed two additional paragraphs to his answer, viz.: 5. Former recovery. 6. As to costs, that there had been a former suit, in which this claim should have been included. Reply to the sixth paragraph. There was no issue upon the fifth paragraph of the answer, unless the general denial, which had been previously filed, formed such issue. Trial by the Court, on a special finding of facts, as follows, as well as a general finding for the plaintiff: "The plaintiff agreed, by parol, with the defendant, that, if he would purchase of one *Neff* a certain tract of land, containing about one hundred and seventy acres, he would take a certain portion of said tract, containing about forty-eight acres, at six hundred and fifty dollars, one third in hand, the balance in one and two years.

The plaintiff paid the defendant, on or about the 1st of December, 1859, ninety-eight dollars on said contract, being the money sued for; the defendant purchased the land of *Neff*, and afterward the land the plaintiff was to have, was surveyed off to the satisfaction of both parties, and the defendant made, executed, and tendered the plaintiff a deed for the same, which he refused to accept, because there was a mortgage on said land for one thousand two hundred dollars, and refused to comply with his parol agreement, there being no memorandum of said contract in writing. About eight or nine months afterward, the defendant sold and conveyed the same land to another person.

Upon the foregoing facts, the Court finds for the plaintiff for the amount paid the defendant on said contract, with interest from the date of payment, amounting to one hundred and five dollars and four cents. Holding, first, that the

contract for the sale of the land, being by parol, was void, and that the defendant was bound to refund the money paid on it. And secondly, that the defendant, by conveying the land to another, acquiesced in the plaintiff's recision of the contract."

I. Was there a trial without an issue upon the fifth paraagraph of the answer, and if so, what was the effect?

There is no implied denial to an answer, under our code of procedure, as there is to a reply; and the general denial filed to the first answer, consisting of several paragraphs, could not, we think, be considered or treated as being in response to a new and substantive defense afterward set up in an additional answer. That answer should have been replied to, as it set up new matter in bar.

II. Was the general judgment for the plaintiff justified by the special finding?

We think that judgment was right, under the special finding of facts, without reference to the conclusion of the Court upon the case involved, for this reason, that the plaintiff was not under any obligation, for anything that appears in the record, to take title to the land with any incumbrance thereon by way of mortgage. Even if the Court would refuse to relieve from an executed contract, where there should be such incumbrance, yet it does not follow that it would compel the performance of a contract for the conveyance of land so incumbered.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*N. O. Ross* and *R. P. Effinger,* for the appellant.